IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Harold Leon London, #09-14575, | ) C/A No. 0:10-434-RBH-PJG |
|---|---|
| Plaintiff, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| vs. | ) |
| Ingo Anger Maier, Director of Spartanburg Regional Hospital, | ) |
| Defendant. | ) |

The plaintiff, Harold Leon London ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. It appears that Plaintiff is detained in the Spartanburg County Jail, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff alleges that he was injured as a result of the defendant's failure to provide proper medical care. Plaintiff seeks damages. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed for failure to state a claim upon which relief may be granted.

### *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were

never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## BACKGROUND

Plaintiff alleges that on either October 18, 2009, or November 18, 2009, he was taken by law enforcement officers to the Spartanburg Regional Hospital "to be checked out." (Compl., Docket Entry 1 at 3.) He could not see well at that time due to his blood pressure being very high, and he "was falling out for some reason." (Id.) Plaintiff alleges that a nurse took him from his hospital room to get an X-ray. He alleges that he almost fell down in the X-ray room but the officers caught him. Once Plaintiff was returned to his room, the nurse instructed him to get out of the wheelchair and get on the bed. Plaintiff alleges that he stated, "please I can't see very well... my eyes won't focus because of the blood pressure being so high." (Id.) Plaintiff alleges that no one assisted him while he tried to feel for the bed and that "they allowed me to fall through all kinds of tables around my bed and I.V. pols and e[tc]." (Id.) Plaintiff alleges that a county police officer and a county jail officer were in the room when he fell and that they picked him up from the floor and placed him into the bed. Plaintiff alleges that as a result of his fall the following things were broken: his eyeglasses, his dental equipment in his mouth, and one of his front teeth. (Id.) Plaintiff alleges that his glasses and his mouthpiece cannot be repaired so he cannot see well, his head hurts, and he has trouble eating. Also, since the fall, his back, neck, head, and left knee hurt. (Id. at 4.)

Plaintiff brings this lawsuit to be reimbursed $440.00 for his eyeglasses, $739.00 for his bridge partial and his teeth, for a total of $1179.00. He also seeks to be reimbursed for the hospital bills that he is receiving in the mail. (Id. at 5.)

## DISCUSSION

The named defendant, Ingo Anger Maier, is alleged to be the Director of the Spartanburg Regional Hospital. Maier is not alleged to have been personally involved with the care Plaintiff received in the hospital. Maier cannot be liable because he was the supervisor, manager, or somehow allegedly responsible for the nurse's misconduct, since the doctrines of vicarious liability and respondeat superior are not applicable in § 1983 actions. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); Vinnedge v. Gibbs, 550 F.2d 926, 927-929 (4th Cir. 1977); see also Polk County v. Dodson, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a respondeat superior theory of liability.") (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)). Although the court must liberally construe the *pro se* Complaint and the plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Bell Atlantic Corp. V. Twombly, 550 U.S. 544 (2007)); see also Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). Because the plaintiff did not plead any factual allegations that state a plausible claim for relief against Maier, the

Complaint fails to state a claim upon which relief may be granted. Thus, this action should be summarily dismissed.

Additionally, if Plaintiff is attempting to bring a state law tort claim for negligence, medical malpractice, or battery, this court does not have subject matter jurisdiction because the diversity requirements are not satisfied. A civil action for Plaintiff's state law claims would be cognizable in this court under the diversity statute only if that statute's requirements are satisfied. Cianbro Corp. v. Jeffcoat & Martin, 804 F. Supp. 784, 788-791 (D.S.C. 1992), aff'd, 10 F.3d 806 (4th Cir. 1993) (Table). The diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). See 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. See Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 372-374 (1978). The only inference from the Complaint is that Plaintiff and Defendant are domiciled in South Carolina. There are no facts alleged that would suggest that either party is domiciled in another State. Accordingly, complete diversity of the parties is absent.[1]

---

[1] Notably, Plaintiff is not without a judicial remedy. He may bring suit in a South Carolina Court of Common Pleas.

**RECOMMENDATION**

The court recommends that the Complaint in the above-captioned case be dismissed without prejudice and without issuance and service of process. See <u>Neitzke v. Williams</u>, 490 U.S. 319, 324-25 (1989); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 17, 2010
Columbia, South Carolina

*The plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).