IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Harold Leon London, | ) Civil Action No.: 0:10-cv-00434-RBH |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| Ingo Anger Maier, | ) |
| Defendant. | ) |

This matter is now before the court with the [Docket Entry 8] Report and Recommendation of United States Magistrate Judge Paige J. Gossett[1] filed on March 17, 2010. In her Report, the Magistrate Judge recommended that Plaintiff's [Docket Entry 1] Complaint should be summarily dismissed for failure to state a claim upon which relief may be granted. Report at 1. Plaintiff timely filed objections to the Magistrate Judge's Report. *See* Plf's. Obj. [Docket Entry 10].

## Background

Plaintiff, a Spartanburg County Jail detainee proceeding *pro se*, brought this suit pursuant to 42 U.S.C. § 1983. Plaintiff alleges that on October 18, 2009, or November 18, 2009, law enforcement officers took him to the Spartanburg Regional Hospital "to be checked out." Compl. at 3. Plaintiff alleges that his blood pressure was very high and that he was "falling out for some reason." *Id.* Plaintiff alleges that a nurse then came and took him to the x-ray room. *Id.* Plaintiff alleges that he almost fell down while in the x-ray room, but the officers caught him. *Id.* Once he returned to his room, Plaintiff alleges the nurse told him to get out of the wheelchair and into

---

[1] This matter was referred to Magistrate Judge Gossett pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C.

the hospital bed. *Id.* Plaintiff alleges that he stated "I can't see very well . . . my eyes won't focus because of the blood pressure being so high." *Id.* Plaintiff further alleges that no one assisted him and that "they allowed [him] to fall through all kinds of tables around [his] bed and I.V. pols and etc." *Id.* Plaintiff alleges that a county police officer and a county jail officer were in the room at the time, and they helped him up from the floor and into bed. *Id.* at 3-4. As a result of the fall, Plaintiff alleges that the following things were broken: his eyeglasses, a partial bridge in his mouth, and one of his front teeth. *Id.* at 3. Also, Plaintiff alleges that his back, neck, and head have been hurting since the fall. *Id.* at 4. For relief, Plaintiff seeks to be reimbursed for the hospital bills he has been receiving in the mail and for the things broken in his fall. *Id.* at 5.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the

Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

**Discussion**

Defendant is alleged to be the Director of the Spartanburg Regional Hospital. Compl. at 2. The Magistrate Judge noted that Plaintiff did not allege that Defendant had been personally involved in the care of Plaintiff in the hospital. Report at 4. The Magistrate Judge then noted that the "doctrines of vicarious liability and respondeat superior are not applicable in § 1983 actions." *Id.* (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.")). Accordingly, the Magistrate Judge concluded that "[b]ecause the plaintiff did not plead any factual allegations that state a plausible claim for relief against [Defendant], the Complaint fails to state a claim upon which relief may be granted," and therefore should be summarily dismissed.[2] Report at 4-5. Plaintiff objected to this recommendation. However, Plaintiff's objections are without merit.

In his objections, Plaintiff once again fails to allege that Defendant had been personally involved in his care in the hospital. Rather, Plaintiff continues to argue his case under a theory of vicarious liability. Specifically, Plaintiff contends that nurses, doctors, and the x-ray nurse were all negligent while he was in their care, and he further contends that Defendant was in

---

[2] The Magistrate Judge also found that, if Plaintiff was attempting to bring a state law tort claim for negligence, medical malpractice, or battery, this court lacked subject matter jurisdiction because the diversity requirements are not satisfied. Report at 5. Plaintiff did not object to this recommendation. Nowhere in Plaintiff's objections does he address any jurisdictional arguments or concerns. Accordingly, this court has reviewed the record for clear error as to this recommendation, and finds none. *See Diamond*, 416 F.3d at 315.

3

charge of each of those individuals that worked in "his hospital." Plf's. Obj. at 2. Finally, he asserts that someone has to be "responsible for the negligence of this situation." *Id.* at 3. However, as the Magistrate Judge correctly stated, the theory of vicarious liability is inapplicable in § 1983 suits. *See Iqbal*, 129 S. Ct. at 1948 (holding that theory of vicarious liability is inapplicable to § 1983 suits); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (finding no vicarious liability for a municipal "person" under § 1983). Accordingly, Defendant cannot be held liable in this suit based on his supervisory capacity within the hospital. Therefore, because Plaintiff has failed to plead that Defendant was personally involved in Plaintiff's care or that Defendant's individual actions caused Plaintiff's injuries, the Complaint in this case should be dismissed for failure to state a claim upon which relief may be granted.[3]

## Conclusion

The court has thoroughly reviewed the Report, objections, and applicable law. For the reasons stated above and by the Magistrate Judge, the court hereby overrules all of Plaintiff's objections and adopts and incorporates by reference the Report and Recommendation of the Magistrate Judge. Accordingly, Plaintiff's Complaint is **DISMISSED** *without prejudice* and without issuance and service of process.

---

[3] Additionally, Plaintiff mentions several times during his objections that he was in the care of Spartanburg Regional Hospital when he was injured, and that he simply wants Spartanburg Regional Hospital to "handle" the bills it keeps sending him in the mail. Plf's. Obj. at 3-4. However, Plaintiff has only sued Defendant in this case, and the hospital itself is not a party to this action.

4

**IT IS SO ORDERED.**

                                                s/R. Bryan Harwell
                                                R. Bryan Harwell
                                                United States District Judge

April 7, 2010
Florence, South Carolina